### WOOD et al. v. COOK.

(Supreme Court, Appellate Division, First Department. May 21, 1909.)

1. INJUNCTION (§ 144*)—TEMPORARY INJUNCTION—RIGHT TO GRANT.

Under Code Civ. Proc. § 603, providing that, where it appears in the complaint that the plaintiff is entitled to a judgment against defendant restraining the commission of an act, its commission pending the action may be restrained, a plaintiff, failing to show in his complaint that he is entitled to a judgment against defendant restraining the commission of an act, is not entitled to an injunction pending the action, though he may be able to make a good complaint.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 316; Dec. Dig. § 144.*]

2. CORPORATIONS (§ 198*) — CONTRACTS BETWEEN STOCKHOLDERS — CONSTRUCTION.

A corporation had a capital stock of $125,000, of which defendant received $25,000, and $25,000 was to go to each of the two plaintiffs. $40,000 par value of the stock was to be sold at 40 cents on the dollar, and the proceeds were to be paid into the treasury, and $10,000 of the stock was to be reserved as treasury stock. The parties signed an agreement stipulating that the stockholders should deposit with voting trustees certificates of stock amounting to $21,000 par value; which might be held by the stockholders or any of them, and transfer the stock to the voting trustees. Held, that defendant could not be required to transfer to the voting trustees $21,000 of the stock, since the utmost that the contract required was that the $21,000 par value to be deposited was to be divided among the three parties to the agreement, so that each would be required to deposit $7,000 of the stock.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 198.*]

Appeal from Special Term, New York County.

*For other cases see same topic & § NUMBER in Dec & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Clara I. Wood and another against Edgar H. Cook. From an order continuing an injunction pending the action, defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

George F. Hurd, for appellant.

Oliver C. Carpenter, for respondents.

INGRAHAM, J. This is an appeal from an order continuing an injunction restraining the defendant from voting 210 shares of the stock of the Flushovalve Company until the legal ownership of said stock is vested in the voting trustees in accordance with an agreement between the plaintiffs and the defendant, a copy of which is annexed to the complaint, and from disposing of said stock until the record ownership thereof shall be vested in said voting trustees. Upon the complaint in this action and an affidavit of one of the plaintiffs, a temporary injunction was granted with an order to show cause why the same should not be continued during the pendency of the action. Upon the return of this order to show cause, the objection was taken that the complaint did not state a cause of action which justified the granting of an injunction. This objection seems to have been conceded, but, notwithstanding that fact, the court continued the injunction and gave the plaintiffs leave, within five days from the entry of the order, to serve an amended complaint nunc pro tunc, and that, in the event of the neglect or failure to serve such amended complaint, the motion to continue the injunction would be denied. No amended complaint was presented to the court at the time the motion was argued. We have therefore an injunction in the action based upon a complaint which is concededly defective. This injunction was granted under section 603 of the Code of Civil Procedure, which provides that:

"Where it appears from the complaint, that the plaintiff demands and is entitled to a judgment against the defendant, restraining the commission or continuance of an act, the commission or continuance of which, during the pendency of the action, would produce injury to the plaintiff, an injunction order may be granted to restrain it."

Here it appears that from the complaint presented to the court—and which was the only complaint in the action when the temporary injunction was granted, or the motion to continue it heard and decided—it did not appear that the plaintiffs were entitled to a judgment against the defendant restraining the commission of this act, and the plaintiffs were not therefore entitled to the injunction asked for. It is no answer to say that the plaintiffs can make a good complaint which would show that they were entitled to such a judgment. The complaint then before the court did not entitle the plaintiffs to such a judgment, and they were not therefore entitled to the order appealed from. This complaint was defective in several respects. It does not allege that the plaintiffs have carried out the agreement on their part, or that they have ever offered to or are able to carry it out. There is no reason given for the specific performance of this contract, rather than for an action for damages for its breach.

Nor do I think the contract, a copy of which is annexed to the complaint, can be specifically enforced. This agreement, which is signed by the parties to this action, provides that:

"The stockholders shall deposit with the voting trustees certificate or certificates to the amount of $21,000 (twenty-one thousand par value) stock of the Flushovalve Company now or which may be held by the said stockholders, or any of them, together with sufficient transfers of such stock to the voting trustees."

The complaint alleges that by this agreement each of said stockholders were bound to deposit $21,000 par value of the stock, but the agreement does not so provide. $21,000 par value of the stock was to be deposited, not $63,000 the par value of the stock, and that was stock held by the said stockholders, or some of them. There is therefore no provision that I can find that the defendant should deposit his stock to the par value of $21,000 any more than the plaintiffs should deposit their stock. The utmost that could be said was that this $21,000 par value was to be divided among the three parties to the instrument when each would be required to deposit $7,000 par value of the stock. By the affidavit upon which the injunction was granted it appears that this company had a capital stock of $125,000, of which the defendant received $25,000, and $25,000 was to go to each of the plaintiffs. There was $40,000 par value of the stock to be sold at 40 cents on the dollar, and the proceeds were to be paid into the treasury of the company, and $10,000 of the stock was to be reserved as treasury stock. Considering the agreement and the allegations of the complaint, we do not think that a case was presented which justified the court in requiring this agreement to be specifically performed, and that the plaintiffs were not entitled to an injunction during the pendency of the action.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion to continue the injunction denied, with $10 costs. All concur.